UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PRIORITY RECORDS LLC, a California )
limited liability company; CAPITOL )
RECORDS, INC., a Delaware )
corporation; VIRGIN RECORDS )
AMERICA, INC., a California )
corporation; ATLANTIC RECORDING )
CORPORATION, a Delaware )
corporation; ELEKTRA )
ENTERTAINMENT GROUP, INC., a )
Delaware corporation; SONY BMG )
MUSIC ENTERTAINMENT, a Delaware )
general partnership; BMG MUSIC, a )
New York general partnership; ARISTA )
RECORDS, LLC, a Delaware limited )
liability company; BMG MUSIC, a New )
York general partnership; WARNER )
BROS. RECORDS INC., a Delaware )
corporation; MAVARICK RECORDING )
COMPANY, a California joint venture; )
UMG RECORDINGS, INC., a Delaware )
corporation; and INTRASCOPE )
RECORDS, a California general )
partnership, )
                  Plaintiffs )
                  )
                  )
      v. )  Civil Action No. 05-30123-KPN
                  )
                  )
DOES, 1-19, )
                  Defendants )

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY (Document No.3)
June 8, 2005

NEIMAN, U.S.M.J.

    The matter is before the court on Plaintiffs' Motion for Leave to Take Immediate

Discovery ("Motion"), filed May 26, 2005. Having considered the Motion, Plaintiffs'

Memorandum of Law in Support of the Motion, and the Declaration of Jonathan Whitehead ("Whitehead Decl."), the court concludes that the Motion should be granted as specifically modified below.

On May 26, 2005, Plaintiffs filed a complaint for copyright infringement against nineteen Does ("Defendants"). The complaint alleges that Defendants disseminated over the Internet copyrighted works owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. However, Plaintiffs are only able to identify each defendant with a unique Internet Protocol ("IP") address; they do not know their names or any other identifying information. Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), the University of Massachusetts, whose subscriber activity log files would allegedly allow Plaintiffs to discover Defendants' identities. Specifically, Plaintiffs wish to serve a subpoena on the University of Massachusetts pursuant to Fed. R. Civ. P. 45 seeking Defendants' true names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses. A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network.

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Here, however, Plaintiffs argue that their immediate need for the data in the subscriber activity logs establishes good cause to waive the rule. They indicate that ISPs such as the University of Massachusetts typically keep these logs for brief periods of time before erasing the

data they contain. Thus, Plaintiffs argue, they might never be able to identify Defendants without at least attempting to obtain access to the data contained in the logs. (See Whitehead Decl. ¶ 22.)

In large part, the court agrees. Good cause for early discovery exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citation omitted). *Cf. Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"). This is such a situation.

However, since Plaintiffs' Motion was *ex parte*, the procedures followed must be circumscribed. For example, this order in no way may be read to prejudice the University of Massachusetts' ability to seek a protective order or take such other actions in this court which it deems appropriate.

Accordingly, Plaintiffs' Motion is GRANTED and it is ORDERED as follows:

1. Plaintiffs may serve a Rule 45 subpoena upon the University of Massachusetts that seeks information sufficient to identify Defendants' true names, addresses, telephone numbers, e-mail addresses, and MAC addresses. The subpoena shall include Defendants' IP addresses and the date(s) and time(s) during which Defendants are known to Plaintiffs to have used the IP address in connection with allegedly infringing material.

2. Plaintiffs shall serve the University of Massachusetts with a copy of this Order along with the subpoena.

3.  If the University of Massachusetts wishes to move to quash the subpoena or take such other action in this court it deems appropriate, it must do so within twelve days of being served.

4.  Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the complaint.

IT IS SO ORDERED.

DATED: June 8, 2005

      /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge